| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>MARCUS G. TIGGS    sbn: 137467<br>mtiggs@lawbwl.com<br>BAYER WISHMAN & LEOTTA<br>1055 Wilshire Blvd., Ste 1900<br>Los Angeles, CA. 90017<br>T:213-629-8801 F:213-629-8802 | FOR COURT USE ONLY |
| ☐ *Movant appearing without an attorney*<br>☒ *Attorney for Movant* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>ROBERT STODDARD, II | CASE NO.: 8:22-bk-11906-MH<br>CHAPTER: 13 |
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (REAL PROPERTY)** |
| | DATE: 12/15/2022<br>TIME: 11:00 am<br>COURTROOM: Crtrm 6C<br>411 West Fourth Street |
| Debtor(s). | Santa Ana, CA. 92701 |
| **Movant:** TOM BLOCK | |

1. **Hearing Location:**

   ☐ 255 East Temple Street, Los Angeles, CA 90012       ☒ 411 West Fourth Street, Santa Ana, CA 92701

   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367   ☐ 1415 State Street, Santa Barbara, CA 93101

   ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

4.  When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5.  If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6.  ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d). If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7.  ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b). If you wish to oppose this motion, you must file and serve a response no later than (*date*) _____ and (*time*) _____; and, you may appear at the hearing.

    a.  ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

    b.  ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

    c.  ☐ An application for order setting hearing on shortened notice was filed and remains pending. After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date: 11/22/2022

BAYER WISHMAN & LEOTTA
_____
Printed name of law firm (if applicable)

MARCUS G. TIGGS, Attoreny for Movant
_____
Printed name of individual Movant or attorney for Movant

_____
Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                        Page 2                                **F 4001-1.RFS.RP.MOTION**

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO REAL PROPERTY

1. **Movant is the:**

    ☒ Holder: Movant has physical possession of a promissory note that either (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer.

    ☒ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g., mortgage or deed of trust) or (2) is the assignee of the beneficiary.

    ☐ Servicing agent authorized to act on behalf of the Holder or Beneficiary.

    ☐ Other (*specify*):

2. **The Property at Issue (Property):**

    a. Address:

    *Street address*: 20 Finca
    *Unit/suite number*:
    *City, state, zip code*: San Clemente, CA. 92672

    b. Legal description, or document recording number (including county of recording), as set forth in Movant's deed of trust (attached as Exhibit  1     ):

3. **Bankruptcy Case History:**

    a. A ☒ voluntary ☐ involuntary   bankruptcy petition under chapter  ☐ 7  ☐ 11  ☐ 12  ☒ 13
    was filed on (*date*)  11/07/2022 .

    b. ☐ An order to convert this case to chapter  ☐ 7  ☐ 11  ☐ 12  ☐ 13  was entered on (*date*) _____.

    c. ☐ A plan, if any, was confirmed on (*date*) _____.

4. **Grounds for Relief from Stay:**

    a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay as follows:

    (1) ☐ Movant's interest in the Property is not adequately protected.

      (A) ☐ Movant's interest in the Property is not protected by an adequate equity cushion.

      (B) ☐ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

      (C) ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

    (2) ☒ The bankruptcy case was filed in bad faith.

      (A) ☒ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

      (B) ☐ The Property was transferred to the Debtor either just before the bankruptcy filing or after the filing.

      (C) ☐ A non-individual entity was created just prior to the bankruptcy petition date for the sole purpose of filing this bankruptcy case.

      (D) ☒ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

      (E) ☐ The Debtor filed only a few case commencement documents with the bankruptcy petition. Schedules and the statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

      (F) ☐ Other (*see attached continuation page*).

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                            Page 3                                            **F 4001-1.RFS.RP.MOTION**

(3) ☒ *(Chapter 12 or 13 cases only)*

   (A) ☐ All payments on account of the Property are being made through the plan.
☐ Preconfirmation ☐ Postconfirmation plan payments have not been made to the chapter 12 trustee or chapter 13 trustee.

   (B) ☒ Postpetition mortgage payments due on the note secured by a deed of trust on the Property have not been made to Movant.

(4) ☐ The Debtor filed a Statement of Intentions that indicates the Debtor intends to surrender the Property.

(5) ☐ The Movant regained possession of the Property on *(date)* _____,
which is ☐ prepetition ☐ postpetition.

(6) ☐ For other cause for relief from stay, see attached continuation page.

b. ☐ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and, pursuant to § 362(d)(2)(B), the Property is not necessary to an effective reorganization.

c. ☐ Pursuant to 11 U.S.C. § 362(d)(3), the Debtor has failed, within the later of 90 days after the order for relief or 30 days after the court determined that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B) to file a reasonable plan of reorganization or to commence monthly payments.

d. ☒ Pursuant to 11 U.S.C. § 362(d)(4), the Debtor's filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

   (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval; or

   (2) ☒ Multiple bankruptcy cases affecting the Property.

5. ☐ **Grounds for Annulment of the Stay.** Movant took postpetition actions against the Property or the Debtor.

a. ☐ These actions were taken before Movant knew the bankruptcy case had been filed, and Movant would have been entitled to relief from the stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

c. ☐ Other *(specify)*:

6. **Evidence in Support of Motion:  (D*eclaration(s) MUST be signed under penalty of perjury and attached to this motion*)**

a. The REAL PROPERTY DECLARATION on page 6 of this motion.

b. ☐ Supplemental declaration(s).

c. ☐ The statements made by Debtor under penalty of perjury concerning Movant's claims and the Property as set forth in Debtor's case commencement documents.  Authenticated copies of the relevant portions of the case commencement documents are attached as Exhibit _____.

d. ☐ Other:

7. ☐ **An optional Memorandum of Points and Authorities is attached to this motion.**

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**Movant requests the following relief:**

1. Relief from the stay is granted under: ☒ 11 U.S.C. § 362(d)(1)  ☐ 11 U.S.C. § 362(d)(2)  ☐ 11 U.S.C. § 362(d)(3).

2. ☒ Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

3. ☐ Movant, or its agents, may, at its option, offer, provide and enter into a potential forebearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement. Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.

4. ☐ Confirmation that there is no stay in effect.

5. ☐ The stay is annulled retroactive to the bankruptcy petition date. Any postpetition actions taken by Movant to enforce its remedies regarding the Property shall not constitute a violation of the stay.

6. ☐ The co-debtor stay of 11 U.S.C. §1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

7. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

8. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing on this Motion:
   ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

9. ☒ Relief from the stay is granted under 11 U.S.C. § 362(d)(4): If recorded in compliance with applicable state laws governing notices of interests or liens in real property, the order is binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of the order by the court, except that a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

10. ☒ The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:
   ☒ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

11. ☐ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be:
   ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

12. ☒ Upon entry of the order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

13. ☒ If relief from stay is not granted, adequate protection shall be ordered.

14. ☐ See attached continuation page for other relief requested.

Date:  11/22/2022

BAYER WISHMAN & LEOTTA
_____
Printed name of law firm (*if applicable*)
MARCUS G. TIGGS, Attorney for Movant
_____
Printed name of individual Movant or attorney for Movant

_____
Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                    Page 5                                    **F 4001-1.RFS.RP.MOTION**

# REAL PROPERTY DECLARATION

I, (*print name of Declarant*) _Tom Block_____, declare:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age.  I have knowledge regarding Movant's interest in the real property that is the subject of this Motion (Property) because (*specify*):

   a. ☒  I am the Movant.

   b. ☐  I am employed by Movant as (*state title and capacity*):

   c. ☐  Other (*specify*):

2. a. ☒  I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor concerning the Property.  I have personally worked on the books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant.  These books, records and files were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the actions, conditions or events to which they relate.  Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event.  The business records are available for inspection and copies can be submitted to the court if required.

   b. ☐  Other (*see attached*):

3. The Movant is:

   a. ☒  Holder: Movant has physical possession of a promissory note that (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer.  A true and correct copy of the note, with affixed allonges/indorsements, is attached as Exhibit _2_____.

   b. ☒  Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g.,mortgage or deed of trust) or (2) is the assignee of the beneficiary.  True and correct copies of the recorded security instrument and assignments are attached as Exhibit _3_____.

   c. ☐  Servicing agent authorized to act on behalf of the:

      ☐  Holder.
      ☐  Beneficiary.

   d. ☐  Other (*specify*):

4. a.  The address of the Property is:

   *Street address*: 20 Finca
   *Unit/suite no.*:
   *City, state, zip code*: San Clemente, CA. 92672

   b.  The legal description of the Property or document recording number (including county of recording) set forth in the Movant's deed of trust is:
   See Exhibit "1"

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                      Page 6                           **F 4001-1.RFS.RP.MOTION**

5. Type of property (*check all applicable boxes*):

    a. ☒ Debtor's principal residence      b. ☐ Other residence
    c. ☐ Multi-unit residential      d. ☐ Commercial
    e. ☐ Industrial      f. ☐ Vacant land
    g. ☐ Other (*specify*):

6. Nature of the Debtor's interest in the Property:

    a. ☒ Sole owner

    b. ☐ Co-owner(s) (*specify*):

    c. ☐ Lienholder (*specify*):

    d. ☒ Other (*specify*): Robert Stoddard, II, as Trustee for Tang Moo Trust, dated October 19, 2017

    e. ☒ The Debtor ☒ did ☐ did not list the Property in the Debtor's schedules.

    f. ☒ The Debtor acquired the interest in the Property by ☒ grant deed ☐ quitclaim deed ☐ trust deed.

       The deed was recorded on (*date*) 09/22/2000 .

7. Movant holds a ☒ deed of trust ☐ judgment lien ☐ other (*specify*) _____
that encumbers the Property.

    a. ☒ A true and correct copy of the document as recorded is attached as Exhibit 3 .

    b. ☒ A true and correct copy of the promissory note or other document that evidences the Movant's claim is attached as Exhibit 2 .

    c. ☒ A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of trust to Movant is attached as Exhibit 3 .

8. Amount of Movant's claim with respect to the Property:

| | | PREPETITION | POSTPETITION | TOTAL |
|---|---|---|---|---|
| a. | Principal: | $ 30,300.00 | $ | $ 30,300.00 |
| b. | Accrued interest: | $ 45,650.00 | $ 300.00 | $ 45,950.00 |
| c. | Late charges | $ 4,680.00 | $ 30.00 | $ 4,710.00 |
| d. | Costs (attorney's fees, foreclosure fees, other costs): | $ 5,778.50 | $ 5,000.00 | $ 10,778.50 |
| e. | Advances (property taxes, insurance): | $ | $ | $ |
| f. | Less suspense account or partial balance paid: | $[          ] | $[          ] | $[          ] |
| g. | TOTAL CLAIM as of (*date*): | $ 86,408.50 | $ 5,330.00 | $ 91,738.50 |

    h. ☐ Loan is all due and payable because it matured on (*date*) _____

9. Status of Movant's foreclosure actions relating to the Property (*fill the date or check the box confirming no such action has occurred*):

    a. Notice of default recorded on (*date*) 07/05/2022 or ☐ none recorded.

    b. Notice of sale recorded on (*date*) 10/11/2022 or ☐ none recorded.

    c. Foreclosure sale originally scheduled for (*date*) 11/14/2022 or ☐ none scheduled.

    d. Foreclosure sale currently scheduled for (*date*) 12/14/2022 or ☐ none scheduled.

    e. Foreclosure sale already held on (*date*) _____ or ☒ none held.

    f. Trustee's deed upon sale already recorded on (*date*) _____ or ☒ none recorded.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*          Page 7          **F 4001-1.RFS.RP.MOTION**

10. Attached (*optional*) as Exhibit _____ is a true and correct copy of a POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor since the bankruptcy petition date.

11. ☐ (*chapter 7 and 11 cases only*) Status of Movant's loan:

    a. Amount of current monthly payment as of the date of this declaration: $_____ for the month of _____ 20___.

    b. Number of payments that have come due and were not made: _____. Total amount: $_____

    c. Future payments due by time of anticipated hearing date (*if applicable*):

        An additional payment of $_____ will come due on (*date*) _____, and on the _____ day of each month thereafter. If the payment is not received within _____ days of said due date, a late charge of $_____ will be charged to the loan.

    d. The fair market value of the Property is $_____, established by:

        (1) ☐ An appraiser's declaration with appraisal is attached as Exhibit _____.

        (2) ☐ A real estate broker or other expert's declaration regarding value is attached as Exhibit _____.

        (3) ☐ A true and correct copy of relevant portion(s) of the Debtor's schedules is attached as Exhibit _____.

        (4) ☐ Other (*specify*):

    e. **Calculation of equity/equity cushion in Property:**

        Based upon ☐ a preliminary title report ☐ the Debtor's admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

| | Name of Holder | Amount as Scheduled by Debtor (*if any*) | Amount known to Declarant and Source |
|---|---|---|---|
| 1st deed of trust: | | $ | $ |
| 2nd deed of trust: | | $ | $ |
| 3rd deed of trust: | | $ | $ |
| Judgment liens: | | $ | $ |
| Taxes: | | $ | $ |
| Other: | | $ | $ |
| **TOTAL DEBT: $** | | | |

    f. Evidence establishing the existence of these deed(s) of trust and lien(s) is attached as Exhibit _____ and consists of:

        (1) ☐ Preliminary title report.

        (2) ☐ Relevant portions of the Debtor's schedules.

        (3) ☐ Other (*specify*):

    g. ☐ **11 U.S.C. § 362(d)(1) - Equity Cushion:**
        I calculate that the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant's debt is $_____ and is _____% of the fair market value of the Property.

    h. ☐ **11 U.S.C. § 362(d)(2)(A) - Equity:**
        By subtracting the total amount of all liens on the Property from the value of the Property as set forth in Paragraph 11(e) above, I calculate that the Debtor's equity in the Property is $_____.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                          Page 8                                          **F 4001-1.RFS.RP.MOTION**

i. ☐ Estimated costs of sale: $_____ (estimate based upon _____% of estimated gross sales price)

j. ☐ The fair market value of the Property is declining because:

12. ☒ (*Chapter 12 and 13 cases only*) Status of Movant's loan and other bankruptcy case information:

a. A 341(a) meeting of creditors is currently scheduled for (*or concluded on*) the following date: __12/06/2022__.
A plan confirmation hearing currently scheduled for (or concluded on) the following date: __01/19/2023__.
A plan was confirmed on the following date (*if applicable*): _____.

b. Postpetition preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
| 1 | 1 | $ 330.00 | $ 330.00 |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

(See attachment for additional breakdown of information attached as Exhibit _____.)

c. Postpetition postconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

d. Postpetition advances or other charges due but unpaid:                       $
(*For details of type and amount, see Exhibit _____*)

e. Attorneys' fees and costs:                                                            $
(*For details of type and amount, see Exhibit _____*)

f. Less suspense account or partial paid balance:                          $[                          ]

TOTAL POSTPETITION DELINQUENCY:            $ 330.00

g. Future payments due by time of anticipated hearing date (*if applicable*): __12/15/2022__.
An additional payment of $__300.00_____ will come due on __12/01/2022__, and on
the __1st__ day of each month thereafter. If the payment is not received by the __10th__ day of the month, a late
charge of $__30.00_____ will be charged to the loan.

h. Amount and date of the last 3 postpetition payments received from the Debtor in good funds, regardless of how applied (if applicable):

$ None_____ received on (*date*) _____
$_____ received on (*date*) _____
$_____ received on (*date*) _____

i. ☐ The entire claim is provided for in the chapter 12 or 13 plan and postpetition plan payments are delinquent.
A plan payment history is attached as Exhibit _____. See attached declaration(s) of chapter 12 trustee or
13 trustee regarding receipt of payments under the plan (*attach LBR form F 4001-1.DEC.AGENT.TRUSTEE*).

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

13. ☐   Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

14. ☐   The court determined on (*date*) _____ that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B).  More than 90 days have passed since the filing of the bankruptcy petition; more than 30 days have passed since the court determined that the Property qualifies as single asset real estate; the Debtor has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or the Debtor has not commenced monthly payments to Movant as required by 11 U.S.C. § 362(d)(3).

15. ☐   The Debtor's intent is to surrender the Property.  A true and correct copy of the Debtor's statement of intentions is attached as Exhibit _____.

16. ☐   Movant regained possession of the Property on (*date*) _____, which is ☐ prepetition ☐ postpetition.

17. ☒   The bankruptcy case was filed in bad faith:

    a.   ☒   Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

    b.   ☒   Other bankruptcy cases have been filed in which an interest in the Property was asserted.

    c.   ☐   The Debtor filed only a few case commencement documents.  Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

    d.   ☐   Other (*specify*):

18. ☒   The filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

    a.   ☐   The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

    b.   ☒   Multiple bankruptcy cases affecting the Property include:

        1.   Case name: Robert Stoddard, II
            Chapter: 13     Case number: 8:22-bk-10759-ES
            Date dismissed: 06/21/2022     Date discharged: _____     Date filed: 05/05/2022
            Relief from stay regarding the Property ☐ was ☒ was not granted.

        2.   Case name: Robert Stoddard, II
            Chapter: 13     Case number: 8:19-bk-11902-ES
            Date dismissed: 07/30/2019     Date discharged: _____     Date filed: 05/17/2019
            Relief from stay regarding the Property ☐ was ☒ was not granted.

        3.   Case name: Rob Stoddard
            Chapter: 13     Case number: 8:19-bk-14144-ES
            Date dismissed: 11/18/2019     Date discharged: _____     Date filed: 10/23/2019
            Relief from stay regarding the Property ☐ was ☒ was not granted.

    ☒   See attached continuation page for information about other bankruptcy cases affecting the Property.

    ☐   See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, or defraud creditors.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*    Page 10    **F 4001-1.RFS.RP.MOTION**

4. Case name: **Robert Stoddard, II**
   Chapter: **13** Case number: **8:18-bk-12299-ES**
   Date dismissed: **9/25/2018** Date discharged: Date filed: **6/26/2018**
   Relief from stay regarding the Property was  **X** <u>was not</u> granted.

5. Case name: **Robert Stoddard, II**
   Chapter: **13** Case number: **8:17-bk-10182-ES**
   Date dismissed: **2/6/2017** Date discharged: Date filed: **1/19/2017**
   Relief from stay regarding the Property was  **X** <u>was not</u> granted.

19. ☐ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

   a. ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

   b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

   c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 11/17/2022 | TOM BLOCK | |
| Date | Printed name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                                    Page 11                          F 4001-1.RFS.RP.MOTION

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

1055 Wilshire Blvd., Ste 1900
Los Angeles, CA. 90017

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (REAL PROPERTY)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _11/22/2022_, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Chad L Butler    caecf@tblaw.com
Amrane (SA) Cohen (TR)    efile@ch13ac.com
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _11/22/2022_, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor                                              Court Copy
Robert Stoddard, II                        Hon. Mark D. Houle
20 Finca                                         U.S. Bankruptcy Court
San Clemente, CA 92672             3420 Twelfth Street, Ste 325, Riverside, CA. 92501

☒  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_11/22/2022_      _BRIGETTE LOPEZ_____      _/s/Brigette Lopez_____
Date                            Printed Name                                             Signature

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Continuation

<u>First Deed of Trust</u>
Deutsche Bank, National Trust
c/o Select Portfolio Servicing, Inc
POB 65250
Salt Lake City, UT. 84165-0250

<u>Junior Lienholder (Abstract Judgment)</u>
Michael and Diane Libertella
3 Nice
Laguna Niguel, CA. 92677

<u>Junior Lienholder (HOA Lien)</u>
Rancho San Clemente Community Association
509 N. Coast Highway
Oceanside, CA 92054

<u>Junior Lienholder (Bail Bond Lien)</u>
Bail Bond Professionals
360 E. First St., Ste 644
Tustin, CA. 90780

# EXHIBIT 1

EXHIBIT 1

Lot 178 of Tract 12883, in the City of SAN CLEMENTE, County of Orange, California as per map recorded in Book 608, Page(s) 33 THRU 38, of Miscellaneous Maps in the Office of the County Recorder of said County.

and more commonly known as 20 Finca, San Clemente, CA.

TAX PARCEL NUMBER: 690-592-23

# EXHIBIT 2

**EXHIBIT 2**

# NOTE SECURED BY A DEED OF TRUST

Loan Number: 030205  Date: Monday, March 07, 2005  Santa Ana, California

20 FInca
San Clemente CA 92672
Property Address

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. **$30,000.00** (this amount will be called "principal"), plus interest, to the order of **Apex Mortgage Services, a California Corporation,** (who will be called "Lender"). I understand that the Lender may transfer this Note. The Lender or anyone else who takes this Note by transfer and who is entitled to receive payments under this Note will be called the "Note Holder(s)."

## 2. INTEREST

I will pay interest at a yearly rate as described in paragraph 3 below.

Interest commences on **Friday, March 11, 2005**, and, if paragraph 3 reflects more than one interest rate during the loan term, the rate will change on the date which is one (1) calendar month before each Payment Start Date.

Interest will be charged on unpaid principal until the full amount of principal has been paid.

I also agree to pay interest at the rate described in paragraph 3 below on the prepaid finance charges which are a part of the principal.

## 3. PAYMENTS

My payments are  **[X]** Interest Only  [ ] Fully Amortized  [ ] Other
I will make my payments each month as follows:

| Number of Payments | Payment Start Dates | Interest Rates | Payment Amounts |
|---|---|---|---|
| 240 | Starting May 1, 2005 | 12.000% | $300.00 |
| 1 | Starting May 1, 2025 | 12.000% | $30,300.00 |

I will make these payments until I have paid all of the principal and interest and any other charges that I may owe under this Note. If on **Thursday, May 01, 2025** (the Due Date) I still owe amounts under this Note (balloon balance), I will pay all those amounts, in full, on that date.

I will make my payments payable to **Apex Mortgage Services, a California corporation, 1551 North Tustin Ave. Suite 660, Santa Ana, CA 92705**, or at a different place if I am notified by the Note Holder or the Agent for the Note Holder.

## 4. BORROWER'S FAILURE TO PAY AS REQUIRED

**(A) Late Charge For Overdue Payments.** If I do not pay the full amount of each monthly payment by the end of ten calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **10.00%** of my overdue payment or U.S. **$5.00**, which ever is more. I will pay this late charge only once on any late payment.

In the event a balloon payment is delinquent more than 10 days after the date it is due, I agree to pay a late charge in an amount equal to the maximum late charge that could have been assessed with respect to the largest single monthly installment previously due, other than the balloon payment, multiplied by the sum of one plus the number of months occurring since the late payment charge began to accrue.

**(B) Default.** If I do not pay the full amount of each monthly payment due under this Note by the date stated in paragraph 3 above, I will be in default, and the Note Holder may demand that I pay immediately all amounts that I owe under this Note.

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(C) Payment of Note Holder's Costs and Expenses.** If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all its costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorney's fees. A default upon any interest of any Note Holder shall be a default upon all interests.

## 5. BORROWER'S PAYMENTS BEFORE THEY ARE DUE - PREPAYMENT PENALTIES

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as "prepayment." If I pay all or part of the loan principal before it is due, whether such payment is made voluntarily or involuntarily, I agree to pay a prepayment penalty computed as follows: **Any payments of principal in any calendar year in excess of 20% of the Original balance will include a penalty no to exceed 6 months advance interest at the note rate, but not more than the interest that would be charged if the loan were paid to maturity, to be waived after 6 months..**

Applied Business Software, Inc. (800) 833-3343

[03020S/Stoddard]
Note Secured by Deed of Trust (Section 32)  Page 1 of 3

**BORROWER'S WAIVERS**

I waive my rights to require the Note Holder to do certain things. Those things are: (a) to demand payment of amounts due (known as "presentment"); (b) to give notice that amounts due have not been paid (known as "notice of dishonor"); (c) to obtain an official certification of nonpayment (known as "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else, also waives these rights. These persons are known as "guarantors, sureties and endorsers."

## 7. RESPONSIBILITIES OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each of us is fully and personally obligated to keep all of the promises made in this Note , including the promise to pay the full amount owed. Any person who is a guarantor, surety, or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of the guarantor, surety, or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that anyone of us may be required to pay all of the amounts owed under this Note.

## 8. THIS NOTE IS SECURED BY A DEED OF TRUST

In addition to the protection given to the Note Holder under this Note, a Deed of Trust (the "Security Instrument") with a Due-on-Transfer Clause dated the same date of this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in the Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note.

Some of those conditions are described as follows:

"Lender's Right to Require The Loan to be Paid Off Immediately. If the borrower shall sell, enter into a contract of sale, lease for a term of more than 6-years (including options to renew), lease with an option to purchase for any term, or transfer all or any part of the Property or an interest therein, excluding (a) the creation of a lien or encumbrance subordinate to this Deed of Trust, (b) or a transfer by devise, descent, or by operation of law upon the death of a joint tenant, the Lender may, at its option declare the Note and any other obligations secured by this Deed of Trust, together with accrued interest thereon, immediately due and payable, in full. No waiver of the Lender's right to accelerate shall be effective unless it is in writing."

Robert Stoddard

| Borrower    Robert Stoddard | 3/7/5 | Borrower | Date |
|---|---|---|---|
| | Date | | |

## SPECIAL NOTICE TO ASSIGNEES REGARDING THIS MORTGAGE

Notice: This is a mortgage subject to special rules under the federal Truth in Lending Act. Purchasers or assignees of this mortgage could be liable for all claims and defenses with respect to the mortgage that the borrower could assert against the creditor.

## ASSIGNMENT OF NOTE
## SECURED BY A DEED OF TRUST

Date: _____

FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to:

all beneficial interest under the within Note, without recourse, and Deed of Trust securing same

_____          _____

_____          _____

Applied Business Software, Inc. (800) 833-3343

# EXHIBIT 3

**EXHIBIT 3**

RECORDING REQUESTED BY:

**LAWYERS TITLE**

AND WHEN RECORDED MAIL TO:

Tom Block
PO Box 1398
Agoura Hills, CA 91376

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

*$R00136867383*    85.00

2022000153741 10:23 am 04/22/22
18 412A A32   1
0.00 0.00 0.00 0.00 0.00 0.00 0.000 0.0075.00 3.00

Order No.:
Escrow No.:
APN: 690-592-23

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## ASSIGNMENT OF DEED OF TRUST

For value received, the undersigned hereby grants, assigns and transfers to Tom Block all beneficial interest under that certain Deed of Trust dated March 7, 2005, executed by Robert Stoddard II, a single man, Trustor to American Title Insurance Company, a California Corporation, Trustee, and recorded on March 11, 2005, as Instrument No. 2005000181811 of Official Records in the office of the County Recorder of Orange County, California, describing land therein as:

Lot 178 of Tract No. 12883, in the city of San Clemente, County of Orange, State of California, as per map recorded in book 608, page(s) 33 through 38 of miscellaneous maps, in the office of the county recorder of said county.

AKA: 20 Finca San Clemente, California 92672

APN: 690-592-23

**ACCOMMODATION**

together with the note or notes as therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Deed of Trust.

Dated:  3-29-22

Stanley A. Rossi, Jr

Kristy A. Rossi

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA          )
                              ) SS.
COUNTY OF __RIVERSIDE__       )

On _march 29, 2022_ before me, _Devron Venard Suttle_, Notary Public, personally appeared _Stanley A. Rossi, JR, Kristy A. Rossi_ _____, who proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature_____

DEVRON VENARD SUTTLE
Notary Public - California
Riverside County
Commission # 2389281
My Comm. Expires Jan 3, 2026

DEVRON VENARD SUTTLE
Notary Public - California
Riverside County
Commission # 2389281
My Comm. Expires Jan 3, 2026

FOR NOTARY STAMP

**Recording Requested by:**

Re**Orange Coast Title**

Apex Mortgage Services

Recorded in Official Records, Orange County
Tom Daly, Clerk-Recorder

|| |||||||||||||||||||||||||||||||||||||||||||    **21.00**

**2005000181811 08:00am 03/11/05**

103 48 D11 6

0.00 0.00 0.00 0.00 15.00 0.00 0.00 0.00

**When Recorded Mail To**
Apex Mortgage Services
1551 North Tustin Ave. Suite 660, Santa Ana, CA
92705

Title Order No.

Space above this line for recorder's use

# DEED OF TRUST

RECORDER: INDEX FOR SPECIAL NOTICE

Loan No.    **05**

This Deed of Trust, made this **7th** day of **March, 2005,** among the Trustor, **Robert Stoddard II, a single man** (herein "Borrower"), **American Title Insurance Company, a corporation** (herein "Trustee"), and the Beneficiary, **Apex Mortgage Services, a California Corporation,** (herein "Lender").

The beneficiaries (or assignees) of this deed of trust have agreed in writing to be governed by the desires of the holders of more than 50% of the record beneficial interest therein with respect to actions to be taken on behalf of all holders in the event of default or foreclosure or for matters that require direction or approval of the holders, including designation of the broker, servicing agent, or other person acting on their behalf, and the sale, encumbrance or lease of real property owned by the holders resulting from foreclosure or receipt of a deed in lieu of foreclosure.

## GRANT IN TRUST

BORROWER, in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants, transfers, conveys and assigns to Trustee, in trust, with power of sale, the following described property located in the county of **Orange**, State of California: **as per Exhibit "A" attached hereto and made a part hereof...,** which has the address of **20 FInca San Clemente CA 92672** (herein "Property Address");

**TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, rents** (subject however to the rights and authorities given herein to Lender to collect and apply such rents), royalties, mineral, oil and gas rights and profits, water, and water rights, and water stock, and all fixtures now or hereafter attached to the property, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are herein referred to as the "Property";

## THIS DEED OF TRUST IS MADE TO SECURE TO LENDER:

(a) the repayment of the indebtedness evidenced by Borrower's note (herein "Note") dated **March 7, 2005,** in the principal sum of U.S. **$30,000.00,** with payment of interest thereon, the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; the performance of the covenants and agreements of Borrower herein contained; and (b) repayment of any future advances, with interest thereon, made to the Borrower by Lender pursuant to paragraph 19 hereof (herein "Future Advances"); and in addition (c) this Deed of Trust shall provide the same security on behalf of the Lender, to cover extensions, modifications or renewals, including without limitation, extensions, modifications or renewals of the Note at a different rate of interest; and the performance of the covenants and agreements of Borrower herein contained.

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the **Property, that the Property is unencumbered except for encumbrances of record, and that Borrower will warrant and defend** generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. BORROWER AND LENDER COVENANT AND AGREE AS FOLLOWS:

**1. Payments of Principal and/or Interest.** Borrower shall promptly pay, when due, the principal of and/or interest on the indebtedness evidenced by the Note, prepayment and late charges as provided in the Note, and the principal of and/or interest on any Future Advances secured by the Deed of Trust.

**2. Funds for Taxes and Insurance (Impounds).** Subject to applicable law, and if required by the Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein

"Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed of Trust, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional Lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower, and unless such an agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust.

If the amount of Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Funds held by Lender. If under Paragraph 18 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, if applicable, then to interest payable on the Note, then to the principal of the Note, and then to interest and principal on any Future Advances.

**4. Prior Mortgages and Deeds of Trust; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid, at least 10 days before delinquency, all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

**5. Hazard Insurance.** Borrower agrees to provide, maintain and deliver to Lender fire insurance satisfactory and with loss payable to Lender. The amount collected under any fire or other insurance policy may be applied by Lender upon any indebtedness secured hereby and in such order as Lender may determine, or at option of Lender the entire amount so collected or any part thereof may be released to the Borrower. Such application or release shall not cure or waive any Default or Notice of Default hereunder or invalidate any act done pursuant to such notice.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

In the event of a loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply their insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

If Borrower obtains earthquake, flood or any other hazard insurance, or any other insurance on the Property, and such insurance is not specifically required by the Lender, then such insurance shall: (i) name the Lender as loss payee thereunder, and (ii) be subject to all of the provisions of this paragraph 5.

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration of covenants creating or governing the

condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which affects Lender's interest in the Property, including but not limited to proceedings by the Lender to obtain relief from stay in any bankruptcy proceeding which would prohibit Lender enforcing its rights under the Deed of Trust, then Lender, at Lender's option, may make such appearances, disburse such sums, including reasonable attorney's fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, including but not limited to payment of delinquent taxes and assessments, insurance premiums due, and delinquent amounts owed to prior lien holders, shall become additional indebtedness of Borrower secured by this Deed of Trust . Such amounts as are disbursed by Lender shall be payable, upon notice from Lender to Borrower requesting payment thereof, and shall bear interest from the date of disbursement at the rate payable on the Note. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

**8. Inspection.** Lender may make or cause to be made reasonable entries upon and inspection of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefore related to Lender's interest in the Property.

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in conjunction with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

**10. Borrower Not Released.** At any time or from time to time, without liability therefore and without notice upon written request of Lender and presentation of this Deed and said Note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join  in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge thereof. Trustee may, but shall be under no obligation or duty to, appear in or defend any action or proceeding purporting to affect said property or the title thereto, or purporting to affect the security hereof or the rights or powers of Lender or Trustee.

**11. Forbearance by Lender Not a Waiver.** Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy. The procurement of insurance or the payment of taxes or other liens or charges by Lender shall not be a waiver of Lender's right to accelerate the maturity of the indebtedness secured by this Deed of Trust.

**12. Remedies Cumulative.** All remedies provided in this Deed of Trust are distinct and cumulative to any other or remedy under this Deed of Trust or afforded by law or equity, and may be exercised concurrently, independently or successively.

**13. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 18 hereof. All covenants and agreements of Borrower shall be joint and several.

**14. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower or the Property at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender, in care of Lender's Servicing Agent ("Agent"), **Apex Mortgage Services, a California corporation, 1551 North Tustin Ave. Suite 660, Santa Ana, CA 92705** or to such other address as Lender or Agent may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**15. This Deed of Trust shall be governed by the Laws of the State of California.** In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not effect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of the Deed of Trust are declared to be severable.

**16. Lender's Right to Require The Loan to be Paid Off Immediately.** If the Borrower shall sell, enter into a contract of sale, lease for a term of more than 6-years (including options to renew), lease with an option to purchase for any term, or transfer all or any part of the Property or an interest  therein, excluding (a) the creation of a lien or encumbrance subordinate to this Deed of Trust, (b) or a transfer by devise, descent, or by operation of law upon the death of a joint tenant, the Lender may, at its option declare the Note and any other obligations secured by this Deed of Trust, together with accrued interest thereon, immediately due and payable, in full. No waiver or the Lender's right to accelerate shall be effective unless it is in writing.

If Lender exercises such option to accelerate, Lender shall mail Borrower notice of acceleration in accordance with paragraph 14 hereof. Such notice shall provide a period of not less than 30 days from the date the notice is mailed within which Borrower may pay the sums declared due. If Borrower fails to pay such sums prior to the expiration of such period, Lender may, without further notice or demand on Borrower, invoke any remedies permitted by paragraph 17 hereof.

BORROWER AND LENDER FURTHER COVENANT AND AGREE AS FOLLOWS:

**17. Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, and without regard to the adequacy of any security for the indebtedness hereby secured, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 18 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 18 hereof or abandonment of the Property, Lender, in person, by Agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorney's fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

**18.** Upon default by Borrower in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Lender may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written Notice of Default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Trustee shall be entitled to rely upon the correctness of such notice. Lender also shall deposit with Trustee this Deed, said Note and all documents evidencing expenditures secured hereby.

After the lapse of such time as then may be required by law following the recordation of said Notice of Default and Notice of Sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said Notice of Sale, either as a whole or in separate parcels and in such order as it may determine (but subject to any statutory right of Trustor to direct the order in which said property, if consisting of several lots or parcels, shall be sold), at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property to sold, but without any covenant or warranty, expressed or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of; all sums expended under the terms hereof, not then repaid, with accrued interest at the rate prescribed in the Note; all other sums then secured thereby; and the remainder, if any, to the person or persons legally entitled thereto.

**19. Future Advances.** Upon request of Borrower, Lender, at Lender's option prior to full reconveyance of the Property by Trustee to Borrower, may make Future Advances to Borrower. Such advances with interest thereon, shall be secured by this Deed of Trust when evidenced by promissory notes stating that said notes are secured hereby.

**20. Reconveyance.** Upon written request of Lender stating that all sums secured hereby have been paid, and upon surrender of this Deed and said Note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto." The Trustee may destroy said Note, this Deed or Trust (and any other documents related thereto) upon the first to occur of the following: 5 years after issuance of a full reconveyance; or, recordation of the Note and Deed of Trust in a form or medium which permits their reproduction for 5 years following issuance of a full reconveyance.

**21. Substitution of Trustee.** Lender, at Lender's option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon the Trustee herein and by applicable law.

**22. Request for Notices.** Borrower requests that copies of the notice of sale and notice of default be sent to Borrower's address which is the Property Address.

**23. Statement of Obligation.** Lender may collect a fee, not to exceed the maximum amount permitted by law, for furnishing the statement of obligations as provided by Section 2943 of the Civil Code of California.

MISCELLANEOUS PROVISIONS

**24. Construction or Home Improvement Loan.** If the loan secured by this Deed of Trust is a construction or home improvement loan, Borrower is required to perform according to the terms and conditions of each agreement contained in any building, home improvement or similar agreement between the Borrower and Lender.

**25. Acceptance by Lender of a Partial Payment After Notice of Default.** By accepting partial payment (payments which do not satisfy a default or delinquency in full) of any sums secured by this Deed of Trust after a Notice of Default has been recorded, or by accepting late performance of any obligation secured by this Deed of Trust, or by adding any payment so made to the loan secured by this Deed of Trust, whether or not such payments are made pursuant to a court order, the Lender does not waive its right either to require prompt payment when due of all other sums so secured or to declare default for failure to make any such prompt payment or to perform any such act. No exercise of any right or remedy of the Lender or Trustee under this Deed of Trust shall constitute a waiver of any other right or remedy contained in this Deed of Trust or provided by law.

## REQUEST FOR SPECIAL NOTICE OF DEFAULT AND FORECLOSURE
## UNDER SUPERIOR MORTGAGES OR DEEDS OF TRUST

In accordance with Section 2924b of the Civil Code, Request is hereby made by the undersigned Trustor that a copy of any default and a copy of any notice of sale under deed of trust recorded in Book _____, Page(s) _____, Instrument No._____, Official Records of County Recorder of _____ County, California. The original Trustor _____ and the original Trustee _____ and the original

Beneficiary _____
Mail to:

### IN WITNESS WHEREOF, BORROWER HAS EXECUTED THIS DEED OF TRUST

**Robert Stoddard**

_____    3/7/5    _____
Borrower    Robert Stoddard    Date    Borrower    Date

State of California
County of   ORANGA
On   MARCH 7, 2005   before me,   MATTHEW Z. MESTAS   , personally appeared
ROBERT STODDARD
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) subscribed to the within instrument and acknowledged to me that   HE   executed the same in HIS   authorized capacity(ies), and that by HIS   signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

| | MATTHEW Z. MESTAS |
| | Commission # 1485952 |
| | Notary Public - California |
| | Orange County |
| | My Comm. Expires Apr 26, 2008 |

Signature _____    (Seal)

### REQUEST FOR FULL RECONVEYANCE

The undersigned is the holder of the note or notes secured by this Deed of Trust. Said note or notes, together with all other indebtedness secured by this Deed of Trust, have been paid in full. You are hereby directed to cancel said note or notes and this Deed of Trust, which are delivered hereby, and to reconvey, without warranty, all the estate now held by you under this Deed of Trust to the person or persons legally entitled thereto.

_____    _____
Signature of Beneficiary (the "LENDER")    Date    Signature of Beneficiary (the "LENDER")    Date

When recorded, mail to

Att: _____

Order No. 630203-44

# Exhibit "A"

Lot 178 of Tract 12883, in the City of San Clemente, County of Orange, California, as per map recorded in book 608, page(s) 33 thru 38 of miscellaneous maps, in the office of the County Recorder of said County.

Except therefrom all oil, gas, minerals and other hydrocarbons, below a depth of 500 feet, without the right of surface entry, as reserved in deeds of record.